**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| NADINE HOMICK-VAN BERRY,    :<br>                            :<br>            Petitioner,    :<br>                            :<br>    v.                      :<br>                            :<br> AMBER NELSON, etc.,         :<br>                            :<br>            Respondent.     :<br>                            : | HON. JEROME B. SIMANDLE<br><br>Civil No. 08-0891 (JBS)<br><br>**OPINION** |

APPEARANCES:

    NADINE HOMICK-VAN BERRY, #10224-050
    Alderson Federal Prison Camp
    Glen Ray Road Box A
    Alderson, West Virginia 24910
    Petitioner Pro Se

**SIMANDLE**, District Judge:

    Nadine Homick-Van Berry, a federal prisoner incarcerated at Alderson Federal Prison Camp in West Virginia, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 to reduce the 46-month term of incarceration this Court imposed on April 3, 2006, see United States v. Homick-Van Berry, Crim. No. 04-0269 (JBS) judgment (D.N.J. April 3, 2006), aff'd, 240 Fed. Appx. 966 (3d Cir. 2007), to enable her to donate a kidney to her brother.  For the reasons expressed below, this Court will dismiss the matter for lack of jurisdiction under 28 U.S.C. § 2241 and 18 U.S.C. § 3582(c).

## I.   BACKGROUND

Prior to her arrest on December 17, 2003, federal authorities were monitoring Nadine Homick-Van Berry and her husband, Clinton Van Berry, who was the Assistant Municipal Tax Collector for Atlantic City, in regard to a scheme to bribe the mayor of West Cape May.  In the course of the investigation, it came to the attention of federal authorities that Nadine Homick-Van Berry sought the help of her longtime friend, Charles Varvaro, a contractor who was also an FBI informant, to assist her in a conspiracy to rob a courier as the courier delivered the cash proceeds from an Atlantic City tax lien sale to the bank. On December 17, 2003, the FBI arrested Nadine Homick-Van Berry and her husband and charged them with conspiracy to commit robbery and attempted robbery, in violation of the Hobbs Act, 18 U.S.C. §§ 1951(a) and 2, and conspiracy to bribe and bribery of the mayor of West Cape May, in violation of 18 U.S.C. §§ 666(a)(2) and 371.

After a jury found her guilty, on April 3, 2006, this Court sentenced Nadine Homick-Van Berry to a 46-month term of incarceration, followed by three years of supervised release.[1] On July 18, 2007, the United States Court of Appeals for the

---

[1] The bribery charges, which were tried separately, ended in a mistrial.

Third Circuit affirmed the judgment on direct appeal.  See <u>United States v. Homick-Van Berry</u>, 240 Fed. Appx. 966 (3d Cir. 2007).

Nadine Homick-Van Berry executed the form § 2241 Petition presently before this Court on February 11, 2008.  The Petition presents the following grounds:

> Ground One: My brother is in 4th stage renal failure & as a sibling, I am requesting the court to consider reducing the [illegible] my 15 mo. sentence to vacate so I may be able to regain my health & donate a kidney.
>
> Ground Two: I am also requesting this court appt. me Ms. Koch to represent me in this matter.  She has all my supporting documentation and knows my case.
>
> This urgent matter came about after my incarceration and I am the only sibling available to donate a kidney.  Ms. Koch has all supporting documentation regarding this matter.

(Pet. ¶¶ 17, 18.)

Attached to the Petition is a three-page typed letter dated January 21, 2008, from Nadine Homick-Van Berry to this Court, which provides in relevant part:

> I am petitioning this court to review the enclosed documentation along with this letter requesting consideration to commute the balance of may sentence.  Reasons include deliberate medical indifference, overcrowded prison conditions, and family medical urgency.  Over the past 18 months of being told I am on a "waiting list" to see a Rheumatologist . . . I have now been told on October 29, 2007 by Dr. Neal Rehberg here I will not be approved to see a specialist!

3

I am fully aware that the Court has <u>no jurisdiction</u> over the BOP and that is precisely why I'm appealing to you for alternative options . . . .

I implore your honor to intervene and use the Court's power to reduce my sentence to allow me "time served," or convert the balance of my time to probation. At least then, I can obtain medical care I urgently require. I cannot do that here.

I self-surrendered on May 15, 2006 and before the middle of July 2006, I lost 20 pounds after leaving Danbury on August 15, 2007 . . . . Fibromyalgia, an autoimmune illness, is still misunderstood and mistreated even when diagnosed. Prior to my incarceration I was under Dr. care for many years receiving physical therapy, TENS, pain management, nutritional supplements (anti-oxidants), chiropractic manipulation and controlled diet. As you know, I can receive none of this now. Diagnosed seven years ago by Dr. Ana Cilursu (Rheum), my illness is completely out of control here . . . .

I am physically exhausted and disturbed from being subjected to such deplorable and unhealthy conditions and am questioning the Court imposing a lengthy sentence, which overwhelmingly impairs my well-being. I don't believe the enhancements placed on my husband should be applicable to me either. The 24-30 month sentence Ms. Koch recommended was adequate and sufficient considering the scope of my case and mitigating circumstances we never had a chance to present.

In addition, an unexpected imminent matter has come up of an urgent nature. My brother, William is in renal failure due to years of poor health and is in need of a kidney transplant. He has asked me to consider donating to him and I have agreed. In order to do that I would need to be unencumbered and in a position to actively work on regaining my health, and weight and strength

>before considering major surgery.  Given my age and declining health, this decision must be made soon to meet criteria as an acceptable donor.  I believe that in a period of 10-16 months I could restore myself to a reasonably healthy state if released now . . . .
>
>Please allow me the chance to assist my brother and extend his life.  We are both trying to beat a "ticking clock" and seeking a solution . . . .
>
>I believe the Court's objective and intention in sentencing was to impose one "longer than before" (1991) and it has already accomplished that.  I have done twice the amount of time here that I did in 1991 . . .
>
>Finally, the letter you recently received written by me on my husband's behalf affirms I have accepted full responsibility for my actions.  I am very remorseful for the grief and suffering caused by me.  I apologize to the Court and am praying the Court grants my husband his freedom.  I can assure you in the future I will never place my husband or myself in harm's way.  It is certain you will not see either one of us in Court again; I know we have both learned our lessons.
>
>Thank you for taking this matter under consideration.

(Letter from Nadine Van Berry dated Jan. 21, 2008.)

At this time, Nadine Homick-Van Berry's projected release date is September 14, 2009.  See BOP Inmate Locator http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=10224-050&x=401&y=283 (last accessed March 7, 2008).

## II.   DISCUSSION

A.   Jurisdiction

Petitioner brings this application for a reduction of her 46-month sentence under 28 U.S.C. § 2241.  Section 2241(a) provides that "Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions."  28 U.S.C. § 2241(a).  The Supreme Court has interpreted this language to require "that the court issuing the writ have jurisdiction over the custodian."  Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) (citation omitted).  "[I]n habeas challenges to present physical confinement - 'core challenges' - the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."  Id., 542 U.S. at 435; accord Yi v. Maugans, 24 F.3d 500 (3d Cir. 1994).  "The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district:  the district of confinement."  Id. at 443.

Because Nadine Homick-Van Berry seeks release, the Warden of FPC Alderson is Petitioner's custodian and the proper respondent to her § 2241 Petition.  See Padilla, 542 U.S. at 442.  Because jurisdiction lies in the district of confinement, that is, the Southern District of West Virginia, this Court lacks jurisdiction

6

over the Petition under § 2241(a).  See Padilla, 542 U.S. at 443. However, as this Court imposed the sentence on Nadine Homick-Van Berry, this Court will consider whether it has jurisdiction to entertain a motion for reduction of the sentence under 18 U.S.C. § 3582(c).

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to a statutory authorization."  United States v. Smartt, 129 F. 3d 539, 540 (10th Cir. 1997) (quoting United States v. Mendoza, 118 F. 3d 707, 709 (10th Cir. 1997)).  The Sentencing Reform Act specifies that a sentencing court may not modify a term of imprisonment once it has been imposed except under limited circumstances.  See 18 U.S.C. § 3582(c).  In United States v. Higgs, 504 F. 3d 456 (3d Cir. 2007), the United States Court of Appeals for the Third Circuit held that § 3582(c) limits the jurisdictional authority of district courts to entertain a motion for reduction of sentence.  Id. at 464; see also Smartt, 129 F. 3d at 541 ("Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lacked jurisdiction to consider Mr. Smartt's request").

Section 3582(c) provides:

> (c) **Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that--

7

(1) in any case--

   **(A)** the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--

   **(i)** extraordinary and compelling reasons warrant such a reduction; or

   **(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

   and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

   **(B)** the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section

>           3553(a) to the extent that they are
>           applicable, if such a reduction is consistent
>           with applicable policy statements issued by
>           the Sentencing Commission.

18 U.S.C. § 3582(c).

Section 3582(c)(2) authorizes the sentencing court to reduce a previously imposed sentence when the Sentencing Commission lowers the inmate's guideline range. See 18 U.S.C. § 3582(c)(2). Section (c)(2) does not apply here, as nothing in Nadine Homick-Van Berry's papers indicates that the Sentencing Commission has lowered her guideline range.

Section 3582(c)(1)(B) authorizes the sentencing court to modify a term of imprisonment where "expressly permitted by statute or by Rule 35 of the Federal rules of Criminal Procedure. See 18 U.S.C. § 3582(c)(1)(B). This subsection does not apply. Nadine Homick-Van Berry cites no statutory authority for the requested sentence reduction; Rule 35(a) is limited to a court's correction of a clear error within seven days of sentencing, see Fed. R. Crim. P. 35(a); Higgs, 504 F. 3d at 464; and Rule 35(b) authorizes a reduction of a sentence only upon the government's motion based on the inmate's substantial assistance, see Fed. R. Crim. P. 35(b).

Section § 3582(c)(1)(A)(i), which authorizes a sentencing court to reduce a term of imprisonment if it finds "extraordinary and compelling reasons" warranting a reduction, see 18 U.S.C. § 3582(c)(1)(i), arguably applies. However, § 3582(c)(1)(A)(i)

9

permits such a finding to be made only if the Director of the BOP files the motion to reduce the inmate's term of imprisonment, see id.  This Court is not authorized to reduce Nadine Homick-Van Berry's sentence pursuant to § 3582(c)(1)(A), as the BOP has not filed a motion for reduction of her sentence.[2]  See Smartt, 129 F. 3d at 541 ("Mr. Smartt is not eligible for a special circumstances reduction based on his medical condition [as s]ection 3582(c)(1)(A) . . . requires that a motion be brought by the Director of the Bureau of Prisons.  This requirement was not met.")

As this Court has located no statute authorizing the sentence reduction sought by Nadine Homick-Van Berry, this Court is without jurisdiction to consider her request.[3]  See Higgs, 504

---

[2] Regulations adopted by the BOP to implement 18 U.S.C. § 3582(c)(1)(A) require an inmate (or a person acting on behalf of an inmate) to submit a request for a motion under 18 U.S.C. § 3582(c)(1)(A) to the Warden, and permit the inmate to submit such a request "only when there are particularly extraordinary or compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing."  28 C.F.R. § 571.61(a); see also BOP Program Statement 5050.46.  Under these regulations, the BOP is not authorized to file a motion under § 3582(c)(1)(A) unless the inmate's request is approved by the Warden, the Regional Director, the General Counsel, and the Director of the BOP.  See 28 C.F.R. § 571.62(a).

[3] To the extent that Nadine Homick-Van Berry contends that officials at FPC Alderson are deliberately indifferent to her serious medical needs, see Estelle v. Gamble, 429 U.S. 97 (1976), the appropriate remedy is a civil action in the United States District Court for the Southern District of West Virginia pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

10

F. 3d at 464; United States v. Servidio, 2008 WL 352866 (D.N.J. Feb. 7, 2008).

### III.  CONCLUSION

Based on the foregoing, the Court dismisses the matter for lack of jurisdiction.


                                   **s/ Jerome B. Simandle**
                                   JEROME B. SIMANDLE
                                   U.S. District Judge


Dated:   **March 11**      , **2008**